**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **Children of the Court**, *a non-profit corporation*, and **Conor Paris**,<br><br>*Plaintiffs*,<br><br>v.<br><br>**The Honorable Abbey Fishman Romanek, Iris Y. Martinez, Clerk of the Circuit Court of Cook County**, and **Cook County, Illinois**,<br><br>*Defendants*. | )<br>)<br>)<br>)<br>)   Case No:  1:24-cv-08785<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT**

Children of the Court, a non-profit corporation, and Conor Paris ("Conor", together "Plaintiffs"), through its counsel, brings the underlying lawsuit for, *inter alia*, violations of Plaintiffs' First and Fourteenth Amendment rights.  Plaintiffs are seeking declaratory relief from Defendants Iris Y. Martinez, individually and in her capacity as the Clerk of the Circuit Court of Cook County (the "Clerk"), and the Honorable Abbey Fishman Romanek, individually and in her capacity as the Circuit Judge presiding over courtroom at issue ("Romanek", together "Defendants") for their unlawful exclusion of Paris from public proceedings and violations of his constitutionally protected rights.  Plaintiffs are also seeking injunctive relief which would require Defendants to admit Plaintiffs to public court proceedings and prohibit their interference with the same.  In support of their Complaint, Plaintiffs allege as follows:

**<u>INTRODUCTION</u>**

Children of the Court is a Missouri non-profit corporation, borne from a student project at UCLA, that works with adult children of divorce to reunite those children with the courtrooms and judges that often had an outsized impact on their youth.  Conor Paris is one of its beneficiaries.

1

Connor has been brought up in the shadow of litigation and under the ever-looming threat of judicial intervention. Conor, like so many children of divorce, is at risk of a lifetime with a particularly jaded view of the judiciary, a risk nearly ensured by Judge Romanek's refusal to allow him to attend public court proceedings; proceedings where his minor siblings' lawyer was present; and proceedings where his family and his family's personal matters were discussed.

On August 5, 2024, Conor's family's matter was scheduled for a Zoom hearing before Judge Romanek for a routine post-dissolution matter. Conor, as a beneficiary of Children of the Court's services, was supposed to attend the hearing via Zoom, *like all of the other participants that day*, to observe the proceedings and his minor siblings' attorney. When his family's matter was called, Judge Romanek refused to admit Conor, instead remarking "Conor Paris is here. He has no business being here and he shouldn't be here and I am not letting him in. He shouldn't know about court dates." In violation of his Constitutionally protected rights, Conor was never admitted to the August 5, 2024 proceeding.

## THE PARTIES

1.      Plaintiff Children of the Court is a Missouri non-profit corporation.

2.      Plaintiff Conor Paris is a citizen and resident of Illinois residing in Cook County, Illinois and the Northern District of Illinois.

3.      Defendant Abbey Fishman Romanek is a Circuit Judge within the Cook County Circuit Court, an elected representative of the Illinois state judiciary. At all relevant times, Defendant was acting under color of state law and is sued in her individual and official capacity.

4.      Defendant Iris Y. Martinez is the Clerk of the Circuit Court of Cook County, an elected official responsible for managing court records and supporting the judiciary by, *inter alia*,

ensuring access to the Cook County Circuit Court.  At all relevant times, Defendant was acting under color of state law and is sued in her individual and official capacity.

5.     Defendant Cook County, Illinois is the local government unit which employed Defendant Iris Y. Martinez in her capacity as the Clerk of the Circuit Court of Cook County, Illinois.

## JURISDICTION AND VENUE

6.     The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, because Plaintiffs allege violations of constitutionally protected rights and privileges.

7.     The Court has personal jurisdiction over Defendants because each of the Defendants have operated and currently operates within the Northern District of Illinois and importantly each of the acts giving rise to the current lawsuit occurred within the Northern District of Illinois.

8.     Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391(b)(2) because the acts or omissions giving rise to Plaintiffs' claims occurred in this District – specifically, Plaintiffs' constitutionally protected rights were violated within the Northern District of Illinois.

## FACTUAL ALLEGATIONS

9.     Children of the Court was founded by Social Entrepreneurship students and their professor at UCLA in 2023. It is an advocacy group committed to advocating for legal changes that prioritize the assignment of these cases to judges with relevant personal experience to ensure that children's best interests are always considered.

3

10.    In April 2023, the Hon. Thaddeus L. Wilson of Cook County Circuity Chancery Court entered a settlement agreement in an unrelated matter which retains jurisdiction over enforcing the funding of Children of the Court through April 2033. (Case #2016CH07155, April 28, 2023).

11.    Children of the Court aims to achieve these goals through, *inter alia*, research, advocacy, and collaboration with legal professionals to help judges and understand the unique needs of the children that are impacted by their decisions, resulting in more compassionate and informed decision making. By ensuring judges have the appropriate experience when making parental decisions, Children of the Court seeks to increase the esteem the public has for the judiciary.

12.    Among the programs offered by Children of the Court is the facilitation of visits between *adult* children ("Adult Beneficiary") and the courtrooms where crucial decisions have been made that have impacted their lives.  These visits empower adult children of divorce, enhance their well-being, and foster a sense of trust between the Adult Beneficiaries and the judiciary that has had such a significant impact on their lives. It also ensures the once-mystical and fearsome courtroom is humanized for those most affected and least knowledgeable of it as they become civic-minded participants in society.

13.    On February 7, 2024, Children of the Court's Operations Manager, Elyana Lee, *a UCLA graduate and one of the organization's founding students*, sent letters to judges and their supervisors around the country on behalf of the Adult Beneficiaries.

14.    The letters explained the organization's goals and gave notice that an Adult Beneficiary would be visiting their courtroom with Children of the Court and requested that the recipient judge offer appropriate advice for the visit:

4

"Before sending [Adult Beneficiaries] to your courtroom, our team would love to sit down and hear your thoughts on how adult children should be thinking about your involvement in their childhood."

A list of recipients and example letters is attached hereto as Exhibit A.

15. Two of the dozen letters sent to trial courts in California, Illinois, Iowa, and Missouri were sent to Judge Romanek and to the Hon. William Stewart Body of the Cook County Domestic Relations Division.

16. Judge Boyd arranged a meeting with Directors of Children of the Court and Ms. Lee on March 5, 2024 where he offered constructive advice to the organization.

17. Upon information and belief, Judge Romanek ignored all communication from Children of the Court. Moreover, none of her supervisors, including Hon. Regina A. Scannicchio (Head of the Domestic Relations Division), Hon. Timothy Evans (Chief Judge of Cook County Circuit Court), the Illinois Supreme Court, or Director Marcia Meis of the Administrative Office of Illinois Courts responded directly to Children of the Court.

18. The Clerk is an elected official and is responsible for ensuring that the Circuit Court of Cook County, Illinois is accessible to litigants and the public alike.

19. Conor Paris is the son of Kerry and Martin Paris who are now divorced.

20. Since his parents' divorce, the post-decree proceedings have been assigned to Cook County Circuit Court Domestic Relations Calendar 94, where Judge Romanek presides. Judge Romanek remains the judge presiding over various post-dissolution matters.

21. One such post-dissolution proceeding occurred on August 5, 2024 wherein the Court was set to hear the presentation of a motion on Case No.: 2016D004685.

22. The August 5, 2024 Status, was not a closed proceeding, it was a general status call attended by numerous litigants and attorneys with different matters before the Court – none of which were closed to the public.

5

23. Conor, as an Adult Beneficiary of Children of the Court, was set to attend the August 5, 2024 proceeding to better understand the decisions of Judge Romanek and the representation his minor siblings were receiving from *Guardian Ad Litem*, Howard Rosenberg. Conor's attendance was facilitated by Children of the Court's Executive Director to ensure Conor understood the proceedings and followed proper courtroom etiquette, particularly as advised by Judge Boyd on March 5, 2024.

24. Conor was to appear via Zoom, as were a number of litigants, attorneys, and other observers.

25. Conor was never admitted to the Zoom Session or Courtroom.

26. When Conor's parents' matter was called, Judge Romanek refused to admit Conor, instead remarking "Conor Paris is here. He has no business being here and he shouldn't be here and I am not letting him in. He shouldn't know about court dates."

27. Conor was not permitted to observe his family's matter or any of the numerous other matters being heard by Judge Romanek on August 5, 2024. Moreover, at no point in time did the Court indicate that the proceedings were closed to the public, instead Judge Romanek simply stated that Conor had no business in her court and refused to admit him.

28. Judge Romanek's remarks were heard by a number of attendees, including Edward "Coach" Weinhaus, *Esq.*, one of Children of the Court's founders and its Executive Director appearing for Children of the Court.

29. The Clerk failed to ensure that the Circuit Court of Cook County, Illinois was accessible to Conor because, *inter alia*, it failed to ensure Conor was admitted to the August 5, 2024 proceeding.

30. Conor has been injured as a result of the Defendants' conduct and has sustained humiliation and emotional distress.

31. Children of the Court has been injured as a result of the Defendants' conduct, particularly reputational damage and interference with its public purpose.

32. Absent action protecting the rights of free access to courtrooms for the public, especially where an organization is specifically empowered, created, and instructed by judges on how to ensure courtroom etiquette and decorum is followed, the judicial system's credibility will be unnecessarily tarnished by the actions of the Defendants.

33. Neither the Clerk nor Judge Romanek enjoy either judicial nor qualified immunity because the decision to deprive Conor of his constitutionally protected right was an administrative action and **not** subject to judicial immunity and the right to attend public judicial proceedings is a **well-established** right and its violation is not protected by qualified immunity.

### <u>COUNT I</u>
### Violation of Plaintiffs' First Amendment Rights

34. Plaintiffs incorporate the above paragraphs by reference as if fully set forth herein.

35. Defendants, acting under color of state law, deprived Plaintiffs of their rights under the First Amendment to the United States Constitution by denying Conor Paris's admission to a public court proceeding.

36. Defendants' refusal to admit Conor to the August 5, 2024, proceedings violated a *well-established* First Amendment right, the right to attend public court proceedings, and therefore Defendants are not entitled to qualified immunity.

37. Defendants' refusal to admit Conor to the August 5, 2024, proceeding is not subject to judicial immunity because, *inter alia*, it was an administrative determination and not part of any judicial proceeding.

38. Children Of the Court's ability to assist the Adult Beneficiaries will be severely compromised without the relief requested herein and has appropriate standing to pursue this claim.

39. Defendants violated 42 U.S.C. § 1983 when, as persons acting under the color of Illinois law, they deprived Plaintiffs of their rights and privileges as secured by the Constitution of the United States of America.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs respectfully request that this Court:

a. Enter a judgment declaring that Defendants' actions violated Plaintiffs' rights under the First and Fourteenth Amendments to the U.S. Constitution;

b. Issue an injunction preventing Defendants from engaging in further unconstitutional conduct;

c. Award Plaintiffs compensatory and punitive damages in an amount to be determined at trial;

d. Award Plaintiff reasonable attorney's fees and costs under 42 U.S.C. § 1988; and

e. Grant such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs respectfully demand a trial by jury on all issues so triable.

Dated: September 23, 2024      Respectfully Submitted:

By: /s/ *Adam Florek*

Adam Florek
Florek Law, LLC
11 Knollwood Dr.
North Caldwell, New Jersey 07006
Tel: (929) 229-2268

8

E-mail: aflorek@florekllc.com

Edward "Coach" Weinhaus, Esq.
**LegalSolved, LLC**
11500 Olive Blvd., Suite 133
Saint Louis, Missouri 63141-7126
Tele: (314) 580-9580
E-mail: eaweinhaus@gmail.com