**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| | ) | |
| CHILDREN OF THE COURT, *et al.,* | ) | |
| | ) | No. 1:24-cv-08785 |
| Plaintiffs, | ) | |
| | ) | Hon. Lindsay C. Jenkins |
| v. | ) | |
| | ) | |
| JUDGE ABBEY FISHMAN ROMANEK, | ) | |
| *et.al.,* | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT JUDGE ROMANEK'S
RULE 12(b)(1) & 12(b)(6) MOTION TO DISMISS**

Defendant Judge Abbey Fishman Romanek, by her attorney, Kwame Raoul, Attorney General of Illinois, moves to dismiss the claim against them pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). In support of this motion, Defendant state as follows:

**INTRODUCTION**

Plaintiffs Children of the Court, a non-profit corporation and Conor Paris have sued Defendants Judge Abbey Romanek, Iris Martinez, Clerk of the Circuit Court of Cook County, and Cook County. This lawsuit stems from Judge Romanek's refusal to admit Paris to an August 5, 2024, Zoom hearing in his parents' domestic relations case. ECF No. 1. Plaintiffs allege that this refusal violated Paris's First and Fourteenth Amendment rights. *Id.* Plaintiffs are seeking a declaratory judgment declaring that Judge Romanek violated Paris's First Amendment rights, an injunction preventing Judge Romanek from barring Defendants from engaging in further unconstitutional conduct, and damages.

1

To begin with, Plaintiff Children of the Court lacks standing to pursue a claim in this matter. This Court should dismiss Plaintiffs' complaint as to Judge Romanek because she is entitled to judicial immunity with respect to all actions taken in her judicial capacity. *See Dennis v. Sparks*, 449 U.S. 24, 27 (1980). This Court should also deny Plaintiff's request for an injunction as it would violate principles of federalism and comity.

## LEGAL STANDARD

Motions to dismiss under Rule 12(b)(1) are meant to test the sufficiency of the complaint, not to decide the merits of the case. *See Weiler v. Household Fin. Corp.*, 101 F.3d 519, 524 n. 1 (7th Cir. 1996). Plaintiff must meet his burden to establish that jurisdictional requirements have been met. *Ctr. for Dermatology and Skin Cancer, Ltd. v. Burwell*, 770 F.3d 589, 589 (7th Cir. 2014).

Under the Federal Rules of Civil Procedure, a complaint must contain factual allegations that plausibly suggest there is a legal right to relief. Rule 12(b)(6) requires dismissal of a complaint when the complaint fails to state a claim upon which relief may be granted. Fed R. Civ. P. 12(b)(6).

## ARGUMENT

### I. Children of the Court Lack Standing to Pursue its Claim.

Judge Romanek joins in the argument made by Defendant Iris Y. Martinez in their motion to dismiss (*ECF* 15) that Plaintiff Children of the Court lacks standing to pursue a claim in this matter.

### II. Plaintiffs' Claim Against Defendant Romanek Is Barred by Absolute Judicial Immunity.

Plaintiffs' claim against Defendant Romanek is barred by the doctrine of absolute judicial immunity. More than 130 years ago, the United States Supreme Court confirmed that judges cannot be sued for their judicial acts, even when those acts are "in excess of their jurisdiction, and are alleged have been done maliciously or corruptly." *Bradley v. Fisher*, 80 U.S. 335, 351 (1871); *see*

*also Brokaw v. Mercer County*, 235 F.3d 1000, 1015 (7th Cir. 2000) (absolute judicial immunity applies even when a judge's exercise of authority is "flawed by the commission of grave procedural errors"). No matter how "erroneous the act may have been" or how "injurious…it may have proved to the plaintiff," it cannot support a suit against a judge. *Bradley*, 80 U.S. at 347. A judge is not deprived of immunity "because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Stump v. Sparkman*, 435 U.S. 349, 357-58 (1978). Judges must remain "free to act upon [their] own convictions" without fearing civil liability. *Brokaw*, 235 F.3d at 1015.

The scope of immunity is absolute. Judges are absolutely immune from suits for damages unless: (1) "the suit challenges an action that is not judicial in nature" or (2) "the judge acted in the complete absence of all jurisdiction." *Haas v. Wisconsin*, 109 Fed. App'x 107, 113 (7th Cir. 2004). Courts in the Seventh Circuit routinely dismiss lawsuits against judges for actions taken in their judicial capacity, especially when those actions were taken in domestic relations cases.[1]

No exception to absolute judicial immunity applies here. The alleged action of barring an individual from a courtroom or hearing is indisputably "judicial in nature." *See, e.g.*, *Stevens v. Osuna,* 877 F.3d 1293 (11th Cir. 2017) (absolute judicial immunity barred a journalist's Bivens suit alleging her constitutional rights were violated when she was denied access to hearings because the judge was acting within his judicial capacity.); *Duvall v. Cty. of Kitsap*, 260 F.3d 1124, 1133 (9th Cir. 2001) (holding that judge was entitled to judicial immunity because "[r]uling on a motion is a normal judicial function, as is exercising control over the courtroom while court is in session.").

---

[1] *See, e.g.*, *Anderson v. Anderson*, 554 F. App'x 529, 531 (7th Cir. 2014); *Davenport v. Illinois*, 295 F. App'x 810, 812 (7th Cir. 2008); *Eberhardt v. Braud*, No. 16-CV-3080, 2016 WL 3746422, at *3 (C.D. Ill. July 8, 2016); *Brzowski v. Brzowski*, No. 07 C 3977, 2007 WL 2225832, at *1 (N.D. Ill. July 26, 2007).

Plaintiff does not—and cannot—allege that Defendant Romanek acted in the "complete absence of jurisdiction." In *Stump v. Sparkman*, the Supreme Court distinguished between judicial actions taken in "excess of authority" and those taken with a "clear absence of all jurisdiction over the subject-matter"; only in the latter case is immunity unavailable. 435 U.S. at 356-57. Where there is subject-matter jurisdiction and the judge played a judicial role, there is immunity. *Homola v. McNamara*, 59 F.3d 647, 651 (7th Cir. 1995).

The allegation in Plaintiffs' complaint demonstrate that Defendant Romanek is absolutely immune from this suit. The Illinois Constitution grants circuit courts in this state "original jurisdiction of all justiciable matters" with limited exceptions not applicable here. *Ill. Const. Art. VI*, § 9. Thus, absolute judicial immunity applies here. *Stump,* 435 U.S. at 356-57 (noting that judges are not deprived of immunity for actions taken "in error"); *see also Cooney v. Rossiter*, No. 07 C 2747, 2008 WL 3889945, at *5 (N.D. Ill. Aug. 20, 2008), *aff'd*, 583 F.3d 967 (7th Cir. 2009)

As the Seventh Circuit has held, "[t]he Supreme Court of [Illinois], not the federal judiciary, is responsible for dealing with claims that state judges erred." *Myrick v. Greenwood*, 856 F.3d 487, 487 (7th Cir. 2017). Accordingly, Plaintiffs' complaint as to Defendant Romanek is barred by judicial immunity and must be dismissed.

### III.    Plaintiffs' Request for an Injunction Would Violate Principles of Federalism and Comity.

Plaintiffs' prayer for relief includes a request for this Court to issue an injunction preventing Judge Romanek from excluding Paris from future hearings. But Section 1983 itself bars injunctive relief against a judge. *Haas*, 109 Fed. App'x at 114.

Moreover, the Court should abstain from hearing this case based on principles of federalism and comity. As the Seventh Circuit explained in *J.D. v. Woodward*, even if a recognized abstention doctrine is not an exact fit, abstention can be appropriate because "[t]o insist on literal perfection"

4

based on a complaint's allegations "risks a serious federal infringement." 997 F.3d 714, 723 (7th Cir. 2021) (declining to exercise federal jurisdiction in a due process custody claim). Instead, "federal courts may decline to exercise jurisdiction where denying a federal forum would 'clearly serve an important countervailing interest,' including 'regard for federal-state relations.'" *Hadzi-Tanovic v. Johnson*, No. 20-cv-3460, 2021 U.S. Dist. LEXIS 226663 at \*15 (N.D. Ill. Nov. 24, 2021) (holding that abstention was proper in federal case alleging a conspiracy in a state-law divorce case) (quoting *Courthouse News Serv. v. Brown*, 908 F.3d 1063, 1071 (7th Cir. 2018)). "A common thread underlying the Supreme Court's abstention cases is that they all implicate (in one way or another and to different degrees) underlying principles of equity, comity, and federalism foundational to our federal constitutional structure." *J.B.*, 997 F.3d at 722 (declining to exercise jurisdiction over a due process claim related to underlying state court custody action).

Here, Plaintiffs request that this Court dictate to state courts how best to manage their courtrooms, but to do so "would intrude upon the independence of the state courts and their ability to resolve the cases before them." *J.B*, 997 F.3d at 721-22 (quoting *SKS & Assocs. v. Dart*, 619 F.3d 674, 677 (7th Cir. 2010)). As such, abstention is appropriate here because "[e]xercising federal jurisdiction over [this] claim would 'reflect a lack of respect for the state's ability to resolve [these issues] properly before its courts.'" *J.D.*, 997 F.3d at 722 (quoting *SKS & Assocs.*, 619 F.3d at 679).

In *Courthouse News Services v. Brown*, the Seventh Circuit addressed a similar issue. After the implementation of the electronic filing system in Cook County, Courthouse News Services brought suit alleging violation of its First Amendment rights; the plaintiff sought an injunction instructing Clerk of the Court Dorothy Brown to release newly filed complaints to the press at the moment of receipt rather than after a brief processing period. 908 F.3d at 1063. The district court

issued an injunction to that effect, but the Seventh Circuit reversed. *Id*. at 1075. In their discussion, the appellate court cited to the principles of comity and necessary independence of the state and federal courts. The court held that "[u]nless and until the state courts have proven unwilling to address an alleged First Amendment violation[,] the federal courts should not exercise jurisdiction over the matter." *Id*. at 1071. The court went on to explain that:

> This principle of comity takes on special force when federal courts are asked to decide how state courts should conduct their business. The Illinois courts are best positioned to interpret their own orders, which are at the center of this case, and to craft an informed and proper balance between the state courts' legitimate institutional needs and the public's and the media's substantial First Amendment interest in timely access to court filings.

*Id.* Similarly here, Plaintiff is asking a federal court to instruct the state court how to conduct its courtroom. Even if there were a problem here, this Court should decline to breach the comity of the state court unless and until the state courts prove unable to remedy the situation itself. Accordingly, this Court should deny Plaintiffs' request for an injunction.

## CONCLUSION

For the foregoing reasons, this Court should dismiss Defendant Romanek with prejudice and deny Plaintiff's request for an injunction.

Respectfully submitted,

KWAME RAOUL

Attorney General of Illinois

By: */s/ Michael J. Bradtke*

Michael J. Bradtke
Assistant Attorney General
115 S. LaSalle Street, Suite 2700
Chicago, Illinois 60603
(312)814-1212
Michael.Bradtke@ilag.gov

*Counsel for Defendant Judge Romanek*