IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CHILDREN OF THE COURT, a ) Case No. 24 C 8785
non-profit corporation, AND )
CONOR PARIS, )
)
               Plaintiffs, )
)
       v. )
)
ABBEY FISHMAN ROMANEK, et al., ) Chicago, Illinois
) December 19, 2024
         Defendants. ) 9:35 a.m.

TRANSCRIPT OF PROCEEDINGS - STATUS & MOTION
BEFORE THE HONORABLE LINDSAY C. JENKINS

APPEARANCES:

For the Plaintiffs        FLOREK LAW, LLC
via telephone:           BY:  MR. ADAM J. FLOREK
                      11 Knollwood Drive
                      North Caldwell, New Jersey  07006

For Deft. Romanek       OFFICE OF THE ILLINOIS ATTORNEY
via telephone:             GENERAL
                      BY:  MR. MICHAEL J. BRADTKE
                      151 S. LaSalle Street, Suite 2700
                      Chicago, Illinois  60603

For Defts. Clerk of Court COOK COUNTY STATE'S ATTORNEY'S
and Cook County via       OFFICE
telephone:                BY:  MS. SILVIA MERCADO MASTERS
                      50 W. Washington Street, Suite 500
                      Chicago, Illinois  60602

Court Reporter:          JOSEPH RICKHOFF, CSR, RMR, CRR
                      Official Court Reporter
                      219 S. Dearborn St., Suite 2118
                      Chicago, Illinois  60604
                      (312) 435-5562
                      joseph_rickhoff@ilnd.uscourts.gov

      * * * * * * * * * * * * * * * * * *

PROCEEDINGS RECORDED BY STENOTYPE
TRANSCRIPT PRODUCED USING COMPUTER-AIDED TRANSCRIPTION

(Proceedings heard in open court by telephone:)

THE CLERK: 24 CV 8785, Children of the Court vs. Abbey Fishman Romanek.

THE COURT: Good morning. Do I have counsel on the line on behalf of Children of the Court?

MR. FLOREK: Good morning, your Honor, Adam Florek, F, as in Frank, l-o-r-e-k, appearing on behalf of children of the court, as well as Mr. Paris.

THE COURT: Good morning. On behalf of both plaintiffs, good morning.

Do I have counsel on the line for defendant -- sorry, give me one moment -- for defendant Abbey Romanek?

MR. BRADTKE: Good morning, your Honor, Michael Bradtke on behalf of Judge Romanek, B-r-a-d-t-k-e.

THE COURT: Good morning.

Do I have counsel on the line on behalf of the Clerk of the Court of Cook County, Iris Martinez?

MS. MASTERS: Good morning, your Honor, Assistant State's Attorney Silvia Mercado Masters, M-e-r-c-a-d-o.

THE COURT: And you're also appearing on behalf of the defendant Cook County; do I have that right?

MS. MASTERS: That's correct, Judge.

THE COURT: Okay. So, we're here this morning on what was intended to be your initial status hearing. In the interim, after I set that for a hearing, both defendants filed

a motion to dismiss. The plaintiffs have filed a response, and I've looked at that. I'm going to make a record now by ruling orally on the motion.

So, to sum up, both motions to dismiss will be granted, for reasons I'll explain. Defendant Romanek will be dismissed with prejudice. And the claims against the remaining defendants -- that is, the Clerk of Court of Cook County and the defendant Cook County -- will mostly be dismissed without prejudice with leave to amend, though there are a number of caveats and guidance that I want to give the plaintiffs from my perspective on how to proceed.

So, before I get into my reasons, I just want to make sure that as plaintiff currently sits here, as counsel for plaintiffs currently sit here, having read the motion and responded to it, you intend to proceed with your case. Is that correct?

In other words, the parties haven't otherwise agreed or you haven't otherwise decided to dismiss the case?

MR. FLOREK: No, your Honor.

THE COURT: Okay. So, I'm going to make a record on my ruling here orally, but both motions to dismiss will be granted.

So, the plaintiffs in this case, Children of the Court and Conor Paris, bring a claim for a violation of their First Amendment rights against Judge Romanek, against the Clerk of

the Court of Cook County and against Cook County, Illinois. The claim asserts that the defendants violated Section 1983 by preventing plaintiff Conor Paris from accessing Judge Romanek's courtroom during a Zoom status conference in the case. And the plaintiffs seek, among other things, declaratory, injunctive, and compensatory relief. There are a couple of grounds raised by both motions to dismiss, and I'll address all of those issues here now.

The first issue is standing. And there is a significant standing problem, certainly as to plaintiff Children of the Court. And while I don't have great confidence that an injury could be alleged, I will dismiss with the opportunity to amend to allege additional facts which might establish standing with respect to plaintiff Children of the Court.

So, to establish standing, a plaintiff has to allege an injury in fact that's traceable to the defendant and likely to be redressed by a favorable decision from the Court. So, standing requires sufficient injury in fact; that is, one that is concrete and particularized, actual or imminent, and not conjectural or hypothetical. To be particularized, the injury must affect the plaintiff in a personal and individual way. And that means that, according to the Supreme Court, the injury cannot be general and undifferentiated.

As least as currently pled, Children of the Court lack

standing because its only allegation of harm is insufficiently supported by factual allegations. The complaint alleges at Paragraph 35 that Children of the Court has been injured as a result of the defendants' conduct, particularly reputational damage and interference with its public purpose. It's not enough under the standing requirements to say that your reputation was harmed without explaining how. And I would cite to *Crabtree vs. Experian*, 948 F.3d 872. That's a Seventh Circuit case from 2020.

I understand that Children of the Court's response to the motion to dismiss expands upon its belief as to how it's been injured, including by describing how Judge Romanek's decision injured its ability to fundraise in the future and attract volunteers. But even if that injury were sufficiently concrete and non-speculative, you couldn't amend your complaint through briefing, which is why I'm going to give you an opportunity to amend.

That procedural wrinkle aside, overall, Children of the Court's allegations of reputational harm and interference really boil down to an argument that a sitting state court judge, the Clerk of the Court, and Cook County violated First Amendment rights by denying access to the Court. But the Seventh Circuit has explained that an injury to an individual's right to have the government follow the law without more is a generalized grievance that cannot support standing no matter

how sincere that grievance is held. And for that, I would cite *Bost, B-o-s-t, vs. Illinois State Board of Elections*, 114 F.4th 634 at Page 640. That's a Seventh Circuit case from this year.

So, because so far, the only grievances alleged are general grievances and there has been no showing of a sufficiently concrete and particularized injury to support Article III standing, the complaint is dismissed on that ground.

Second, Judge Romanek, who will be dismissed with prejudice, is entitled to absolute judicial immunity on all claims. For that, I would cite a case from 1871, *Bradley vs. Fisher*, 80 U.S. 335. Immunity falls away only if the judge acts in clear absence of all jurisdiction. It's not enough that the judge might have been wrong, might have even been acting maliciously, or acted in excess of her authority.

The plaintiffs argue that judicial immunity doesn't apply because Judge Romanek acted administratively. There's a case *Forrester vs. White* from 1988 that recognizes some immunity exceptions in the case of administrative decisions. But there are three factors the Seventh Circuit considers when deciding whether a judge is entitled to judicial immunity. One, whether the act or decision involves the exercise of discretion or judgment or is a ministerial act; two, whether the act is normally performed by a judge; and, three, the expectations of the parties; that is, whether the parties dealt

with the judge as a judge. And I would cite *Dawson v. Newman*, 419 F.3d 656. That's a Seventh Circuit case from 2005.

All three of those factors would point to the application of absolute judicial immunity here. The allegation is that the judge injured them -- injured the plaintiffs -- because during a court call, she prevented the plaintiff Paris Conor from entering a Zoom hearing. But that by definition is a judge acting within her role as a judge. She was on the bench. She was hearing and deciding cases. And trial judges have wide latitude to control courtroom atmosphere and litigants who appear before them. That's *United States Vs. Mannie*.

So, the judge is dismissed from the case with prejudice.

The defendants also seek immunity for the defendant Clerk of the Court and Cook County. Cook County is by extension, of course. But even taking the plaintiffs' allegations as true, they have not stated a claim against the Clerk. The complaint contains no allegations that the Clerk had any role in facilitating or executing the judge's decision not to admit Mr. Conor into the Zoom hearing. They simply argue or allege that the Clerk's role was to support the judiciary by allowing access to the Circuit Court of Cook County. But that's not sufficient to state a claim because it doesn't support the inference that the Clerk had any role in

executing the judge's decision. And even if the Clerk of Court had a role, the complaint plausibly suggests that the Clerk would have simply been acting on the direction of the judge. And that suggests quasi-judicial immunity. And I would cite *Richman v. Sheahan*, 270 F.3d 430, a 2001 case from the Seventh Circuit.

I want to make two other very brief points, and then I'll stop. Because assuming that plaintiff amends, he needs -- they need to be aware of at least the following two other impediments or hurdles that I see. One, Section 1983 does not permit injunctive relief in this context. *Haas v. Wisconsin*, 109 Fed.Appx. 107. That's a Seventh Circuit case from 2004. In 1996, Congress amended 1983 to expressly provide that injunctive relief is not available in an action brought against a judicial officer for an act or omission taken in that officer's judicial capacity.

And finally -- and I say this for the benefit of any future filings -- there is a significant federal ism concern raised by this case. The plaintiffs are asking me, through this lawsuit, to direct a state court judge to work collaboratively with the Children of the Court to facilitate the plaintiffs' mission. They're essentially asking me to tell a state court judge how to run her courtroom. That implicates federalism concerns. And the complaint itself suggests no reason to believe that an intrusion like that would be

warranted or necessary. In other words, the relief you seek from the federal court runs contrary to equity, comity, and federalism principles under the abstention doctrines. And before refiling, I'd encourage you to look at *J.B. vs. Woodward*, 997 F.3d 714 at Page 723. That's a Seventh Circuit case from 2021.

All right. I am not going to set a fact discovery schedule as I ordinarily would. I will set a date for plaintiffs to file an amended complaint.

So, counsel, on behalf of plaintiffs, is January -- I'm counting for the holidays. Is January 10th enough time?

MR. FLOREK: Well, your Honor, I'd respectfully request until the 17th.

THE COURT: Certainly. No problem. So, any amended pleading should be filed by January 17th.

I will give defendants -- the remaining defendants -- course, Judge Romanek is no longer a defendant. But the remaining defendants may file their responsive pleading -- I'll set the date for January 31st. I know that you may need to see the material before you file something. But for now, any responsive pleadings by the remaining defendants are due January 31st.

I'll give you further direction once we see what's filed and what the defendants file in response. If I need to set deadlines, I'll do so. But any responsive pleading to the

amended complaint is due by January 31st.

Is there anything else on behalf of the plaintiffs we should address this morning?

MR. FLOREK: No, your Honor.

THE COURT: And on behalf of defendant Romanek?

MR. BRADTKE: Thank you.

THE COURT: If you said something, I'm sorry, I didn't catch it.

MR. BRADTKE: Nothing further, your Honor. Thank you.

THE COURT: Thank you.

And on behalf of defendant Clerk of Court and Cook County, Ms. Mercado, anything further?

MS. MASTERS: Nothing further, Judge. Thank you.

THE COURT: Thanks so much. Have a good day.

MR. BRADTKE: Thank you, your Honor.

MS. MASTERS: Thank you.

(Proceedings concluded at 9:50 a.m.)

*   *   *   *   *

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

/s/ Joseph Rickhoff                         January 2, 2025
Official Court Reporter