UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Children of the Court, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> Timothy C. Evans, *et al.*, <br><br> *Defendants*. | No. 24 CV 8785 <br><br> Judge Lindsay C. Jenkins |

## Memorandum Opinion and Order

Plaintiffs Children of the Court and Conor Paris sued Timothy C. Evans and Cook County, Illinois for violation of their First and Fourteenth Amendment Rights. [Dkt. 29.][1] The Court previously dismissed the Plaintiffs' complaint against Defendant Abby Romanek with prejudice and against Cook County and Iris Y. Martinez without prejudice, giving Plaintiffs leave to amend. [Dkt. 23.] Plaintiffs did, and Cook County moved to dismiss the amended complaint. [Dkt. 30.][2] Despite multiple opportunities, Plaintiffs did not file a brief opposing Cook County's motion.

For the reasons explained, the motion is granted in its entirety.

## Background

Children of the Court is a non-profit corporation that works to reunite "adult children of divorce" with "the courtrooms and judges that often had an outsized impact on their youth."[3] [Dkt. 29 at 1.] Conor Paris is one of the organization's beneficiaries. [*Id.*] Children of the Court's mission is to advocate for administrative changes to judicial systems to prioritize the assignment of cases to judges with relevant personal experience in order to ensure that children's best interests are always considered. [*Id.* at ¶9.] Doing so, according to Children of the Court, will increase the esteem the public has for the judiciary. [*Id.* at ¶11.]

---

[1] Citations to docket filings generally refer to the electronic pagination provided by CM/ECF, which may not be consistent with page numbers in the underlying documents.
[2] Cook County does not represent Defendant Timothy Evans. Consequently, this Order does not discuss claims related to him.
[3] For Cook County's motion to dismiss, the Court accepts as true all well-pled allegations set forth in Plaintiffs' Amended Complaint [Dkt. 29] and draws all reasonable inferences in Plaintiffs' favor. *See Craftwood II, Inc. v. Generac Power Sys., Inc.*, 920 F.3d 479, 481 (7th Cir. 2019). In setting forth the facts at the pleading stage, the Court does not vouch for their accuracy. *See Goldberg v. United States*, 881 F.3d 529, 531 (7th Cir. 2018).

Children of the Court works with "adult beneficiaries" like Conor to facilitate visits to the courtrooms where crucial decisions are made that impacted their lives. [*Id*. at ¶12.] In advance of these visits, Children of the Court sent letters to judges notifying them that an "adult beneficiary" would be visiting their courtroom and soliciting the judge to "offer appropriate advice for the visit." [*Id*. at ¶14.] While Judge Abby Romanek received one of these letters, neither she nor Timothy Evans, nor any of her other "superiors" responded. [*Id*. at ¶17.]

On August 5, 2024, Conor attempted to attend a public hearing via Zoom before Judge Romanek concerning his parents' post-dissolution case. [*Id*. at 2.] Although Conor's parents are now divorced, Judge Romanek presides over their post-decree proceedings. [*Id*. at ¶21.] Conor wished to observe the proceedings to gain a better understanding of Judge Romanek's decisions and observe the representation of his minor siblings by a *Guardian Ad Litem*. [*Id*. at 2, ¶24.]

When his parents' case was called, Judge Romanek refused to admit Conor into the Zoom hearing, remarking: "Conor Paris is here. He has no business being here and he shouldn't be here and I am not letting him in. He shouldn't know about court dates." [*Id*.] Conor was not admitted into the Zoom proceedings that day. [*Id*.] Edward Weinhaus, Executive Director and Founder of Children of the Court, who attended the August 5, 2024, hearing, heard Judge Romanek's remarks. [*Id*. at ¶29.]

On September 24, 2024, after Plaintiffs filed their original complaint, their attorney emailed Judge Romanek's chambers notifying her that Children of the Court and Conor would be attending proceedings in her courtroom the following day. [Dkt. 29, at ¶31.] The next day, Judge Romanek denied Weinhaus entry into the courtroom, preventing him from observing "an otherwise public hearing" for the benefit of Conor and other "Adult Beneficiaries." [*Id*. at ¶32.] The complaint does not allege whether Conor attempted to or was able to attend.

Plaintiffs contend that Judge Romanek's actions injured them in a variety of ways. [*Id*. at ¶33.] According to Plaintiffs this was Judge Romanek's "opening salvo in plans to limit accessibility to the … Domestic Relations Division;" and subsequently, a supervising judge "instituted a plan to terminate any virtual appearances." [*Id*. at ¶40, n.1.]

Plaintiffs add that "the Clerk," presumably referring to Iris Martinez, failed to ensure the Circuit Court of Cook County was accessible to Conor, [*id*. at ¶37], and Judge Evans failed his obligation to supervise Judge Romanek's conduct and ensure public access to her Courtroom [*id*. at ¶¶42–44]. While Plaintiffs' complaint includes only one count for violation of the Plaintiffs' First Amendment rights, included within it is an allegation that the same conduct violated 42 U.S.C. § 1983. [*Id*. at 10–11.]

Cook County moves to dismiss the amended complaint on several basis. First, they point out that while the amended complaint includes a few allegations about Martinez, she is not a named defendant. [Dkt. 30 at 3.] And, in any event, Plaintiffs'

allegations concerning her conduct are insufficient to state a claim. [*Id.*] As for the claims against Cook County, the County argues they should be dismissed either for lack of standing or for failure to state a claim. [*Id.* at 4.][4]

After reviewing Cook County's arguments, the Court finds it appropriate to dismiss all of Plaintiffs' claims. Because this is Plaintiffs' second attempt to state a claim against Cook County, the dismissal is with prejudice.

## Standard of Review

"To survive a motion to dismiss under Rule 12(b)(6), plaintiff's complaint must allege facts which, when taken as true, plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." *Cochran v. Ill. State Toll Highway Auth.*, 828 F.3d 597, 599 (7th Cir. 2016) (cleaned up). This occurs when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Garrard v. Rust-Oleum Corp.*, 575 F. Supp. 3d 995, 999 (N.D. Ill. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted)).

## Analysis

Federal Rule of Civil Procedure 10(a) requires the plaintiff to include in the case caption of their complaint the name of every party who they are suing. Fed. R. Civ. P. 10(a). The case caption of Plaintiffs' amended complaint includes only Defendant Evans and Cook County, Illinois. [Dkt. 29.] However, in the "parties" section of the complaint Plaintiffs list "Defendant Iris Y. Martinez" in her official capacity as clerk of the Cook County Circuit Court. [*Id.* at ¶4.] This sort of omission is sometimes overlooked where the plaintiff is *pro se*, *see Grafton v. Fobelk*, 2020 WL 7398785, at *4 (N.D. Ill. Dec. 17, 2020); *Nance v. United States*, 2023 WL 5211606, at *2 (N.D. Ill. Aug. 14, 2023), but other times the omission results in dismissal, *see Olympian Grp. LLC v. City of Markham*, 2020 WL 5820024, at *6 (N.D. Ill. Sept. 30, 2020). Given that Plaintiffs are represented in this case, the failure to abide by Rule 10(a) gives the Court pause.

Even if the Court were to excuse this omission, Plaintiffs' claims against Martinez must be dismissed for failure to state a claim under Rule 12(b)(6). Plaintiffs assert only that "the Clerk," presumably referring to Martinez, is responsible for ensuring that the Circuit Court is accessible to the public, and that "the Clerk" failed to shoulder that responsibility by failing to ensure Conor had access to the August 5, 2024, proceedings. [Dkt. 29 at ¶¶18, 37.] These allegations are identical to the ones the Court found lacking in Plaintiffs' original complaint. [*See* dkt. 1.] As the Court explained in its prior oral ruling on the original motion to dismiss, [dkt. 25 at 7], these

---

[4] Defendant's motion includes arguments related to lack of standing. The Court does not find those arguments persuasive and resolves this motion on other grounds.

allegations do not support the inference that Martinez had any role in executing Judge Romanek's decision to prohibit Conor from observing the proceedings in her courtroom. Plaintiffs do not argue, for example, that Martinez was notified of Judge Romanek's decision or was tasked with enforcing it.[5]

Even if Martinez had been involved in that capacity, the complaint indicates that any action (or inaction) on Martinez's part would have been at the direction of Judge Romanek. In that situation, the absolute judicial immunity afforded to judges flows to individuals like Martinez who perform administrative functions "pursuant to the explicit direction of [the] judicial officer." *Richman v. Sheahan*, 270 F.3d 430, 435 (7th Cir. 2001). Martinez would therefore be absolutely immune due to application of this "quasi-judicial immunity." *Id.*

The upshot is that the claims against Martinez are deficient for a multitude of reasons, just as they were in Plaintiffs' original complaint. They must be dismissed, this time with prejudice.

Plaintiffs also named Cook County in their amended complaint, but upon review Cook County is a defendant only by virtue of Plaintiffs' deficient claims against Martinez. In the "parties" section of the amended complaint, Plaintiffs assert that Cook County "is the government unit which employed … Martinez in her capacity as the Clerk." [Dkt. 29 at ¶5.] But there are no allegations separate from the ones already discussed substantiating a claim against Cook County. Furthermore, Plaintiffs do not allege (nor could they) that any actions taken by Judge Evans or Judge Romanek are attributable to Cook County. [*See* dkt. 30 at 5 (explaining that Judge Evans is not an employee of Cook County).][6] Because the claims against Martinez must be dismissed, so too must the claims against Cook County.

## Conclusion

Plaintiffs' claims against Martinez and Cook County are dismissed with prejudice. *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Indiana*, 786 F.3d 510, 518 (7th Cir. 2015).

Enter: 24 CV 8785
Date: March 5, 2025

Lindsay C. Jenkins
United States District Judge

---

[5] Plaintiffs' complaint contains no allegations suggesting that the Clerk was involved in Judge Romanek's decision to exclude Weinhaus from her courtroom on September 25, 2024.
[6] Claims against Judge Romanek were previously dismissed with prejudice. [Dkt. 25 at 6.]