IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **Children of the Court**, *a non-profit corporation*, and **Conor Paris**, <br><br> *Plaintiffs*, <br><br> v. <br><br> **Chief Judge Timothy C. Evans**, *individually and in his representative capacity as* **The Circuit Court of Cook County**[1], <br><br> *Defendants*. | Case No: 1:24-cv-08785 <br><br> Judge: Hon. Lindsay C. Jenkins |

**SECOND AMENDED COMPLAINT**

Children of the Court, a non-profit corporation, and Conor Paris ("Conor", together "Plaintiffs"), file their Second Amended Complaint for, *inter alia*, violations of Plaintiffs' First and Fourteenth Amendment rights. Plaintiffs are seeking declaratory relief from Timothy C. Evans, *in his representative capacity as* The Circuit Court of Cook County for the Court's unlawful exclusion of Plaintiffs from public proceedings and violations of his constitutionally protected rights. In support of their Second Amended Complaint, Plaintiffs allege as follows:

**INTRODUCTION**

Children of the Court is a Missouri non-profit corporation, born from a student project at UCLA, that works with adult children of divorce to reunite those children with the courtrooms and judges that often had an outsized impact on their youth. Conor Paris is one of its beneficiaries. Conor has been brought up in the shadow of litigation and under the ever-looming threat of judicial

---

1. Plaintiffs re-assert claims against the Hon. Abbey Fishman Romanek and the other previously dismissed Defendants from the Original Complaint and First Amended Complaint respectively for the purposes of pursuing appellate rights. Plaintiffs know that someone, somewhere, is liable to the access to courtrooms and makes these arguments in good faith to ensure that the Court of Appeals can help determine who – whether the trial court judge, the clerk, or the Defendants named herein.

1

intervention. Conor, like so many children of divorce, is at risk of a lifetime with a particularly jaded view of the judiciary, a risk nearly ensured by Judge Abbey Fishman Romanek's ("Judge Romanek") refusal to allow him to attend public court proceedings; proceedings where his minor siblings' lawyer was present; and proceedings where his family and his family's personal matters were discussed.

On August 5, 2024, Conor's family's matter was scheduled for a Zoom hearing before Judge Romanek for a routine post-dissolution matter. Conor, as a beneficiary of Children of the Court's services, was supposed to attend the hearing via Zoom, *like all of the other participants that day*, to observe the proceedings and his minor siblings' attorney. When his family's matter was called, Judge Romanek refused to admit Conor, instead remarking "Conor Paris is here. He has no business being here and he shouldn't be here and I am not letting him in. He shouldn't know about court dates." In violation of his Constitutionally protected rights, Conor was never admitted to the August 5, 2024 proceeding.

These injuries were compounded after Plaintiffs' initial Complaint was filed and Judge Romanek was informed of the lawsuit. Thereafter, Judge Romanek decided that neither Conor nor Children of the Court's founder had a right to access subsequent public proceedings. On September 25, 2024, Edward "Coach" Weinhaus, *Esq.*, one of Children of the Court's founders and its Executive Director, was appearing for Children of the Court to observe Conor's family's proceedings but was summarily denied admittance, *after* the undersigned counsel notified Judge Romanek of this action.

## THE PARTIES

1. Plaintiff Children of the Court is a Missouri non-profit corporation.

2. Plaintiff Conor Paris is a citizen and resident of Illinois residing in Cook County, Illinois and the Northern District of Illinois.

3. Defendant Timothy C. Evans ("Judge Evans"), is the Chief Circuit Judge for the Cook County Circuit Court, an elected representative of the Illinois state judiciary and the elected administrator of the Circuit Court of Cook County. At all relevant times, Defendant Timothy C. Evans was acting under color of state law and is sued in his individual and official capacity.

4. The Circuit Court of Cook County, Illinois is a local government unit which employed *inter alia*, Abbey Fishman Romanek and Chief Judge Timothy C. Evans in their capacity as judges of the Circuit Court of Cook County, Illinois.

## JURISDICTION AND VENUE

5. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, because Plaintiffs allege violations of constitutionally protected rights and privileges.

6. The Court has personal jurisdiction over Defendants because each of the Defendants have operated and currently operates within the Northern District of Illinois and importantly each of the acts giving rise to the current lawsuit occurred within the Northern District of Illinois.

7. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391(b)(2) because the acts or omissions giving rise to Plaintiffs' claims occurred in this District – specifically, Plaintiffs' constitutionally protected rights were violated within the Northern District of Illinois.

## FACTUAL ALLEGATIONS

8. Children of the Court was founded by Social Entrepreneurship students and their professor at UCLA in 2023. It is an advocacy group committed to advocating for administrative changes to judicial systems to prioritize the assignment of these cases to judges with relevant personal experience to ensure that children's best interests are always considered.

9. In April 2023, the Hon. Thaddeus L. Wilson of Cook County Circuit Chancery Court entered a settlement agreement in an unrelated matter which retains jurisdiction over enforcing the funding of Children of the Court through April 2033. (Case #2016CH07155, April 18, 2023).

10. Children of the Court aims to achieve these goals through, *inter alia*, research, advocacy, and collaboration with legal professionals to help judges and understand the unique needs of the children that are impacted by their decisions, resulting in more compassionate and informed decision making. By ensuring judges have the appropriate experience when making parental decisions, Children of the Court seeks to increase the esteem the public has for the judiciary. Experience-based judicial assignments can be a hallmark of a thoughtful judiciary. See, for e.g.: https://www.iand.uscourts.gov/content/how-are-federal-judges-assigned-cases (last visited 5/14/2025).

11. Among the programs offered by Children of the Court is the facilitation of visits between *adult* children ("Adult Beneficiary") and the courtrooms where crucial decisions have been made that have impacted their lives. These visits empower adult children of divorce, enhance their well-being, and foster a sense of trust between the Adult Beneficiaries and the judiciary that has had such a significant impact on their lives. It also ensures a once-mystical and fearsome courtroom is humanized for those most affected and least knowledgeable of it as they become civic-minded participants in society.

12. On February 7, 2024, Children of the Court's Operations Manager, Elyana Lee, *a UCLA graduate and one of the organization's founding students*, sent letters to judges and their supervisors around the country on behalf of Executive Director for the benefit of the Adult Beneficiaries.

13. The letters explained the organization's goals and gave notice that an Adult Beneficiary would be visiting their courtroom with Children of the Court and requested that the recipient judge offer appropriate advice for the visit:

> "Before sending [Adult Beneficiaries] to your courtroom, our team would love to sit down and hear your thoughts on how adult children should be thinking about your involvement in their childhood."

A list of recipients and example letters is attached hereto as <u>Exhibit A</u>.

14. A dozen letters sent to trial courts in California, Illinois, Iowa, and Missouri.

15. Letters were also sent to Judge Romanek and to the Hon. William Stewart Boyd of the Cook County Domestic Relations Division.

16. Judge Boyd arranged a meeting with Directors of Children of the Court and Ms. Lee on March 5, 2024 where he offered constructive advice to the organization.

17. Upon information and belief, Judge Romanek intentionally ignored all communication from Children of the Court.

18. A letter was also sent to Marcia Meis, Director of the Administrative Office of the Illinois Supreme Court and her counterparts in the other states.

19. Judge Regina A. Scannicchio had earlier sought to delegitimize Children of the Court.

20. As part of aiding and abetting Judge Scannicchio's campaign to delegitimize Children of the Court, Ms. Meis, *in her capacity as the Director of the Administrative Office of the Illinois Supreme Court*, advised colleagues in Missouri, Iowa, and within the Illinois Unified Court

System that the organization and the Letter were "not a legitimate document." March 20, 2025 E-mail from Meis, attached hereto as Exhibit B.

21. Upon information and belief, Ms. Meis advised numerous individuals within the Illinois Judiciary that the organization and the Letter were "not a legitimate document."

22. However, Children of the Court is a legitimate non-profit organization, and the Letter was *bona fide* communication from the same, as demonstrated by Judge Boyd.

23. Upon information and belief, Ms. Meis' flip and demonstrably false message-mail about Children of the Court reached, *inter alia*, Chief Judge Evans, who knew, or should have known, that Ms. Meis was either wrong or not being forthright about protected speech, access to courtrooms, and Children of the Court's judicial reform activities.

24. Moreover, none of her supervisors within the Illinois Unified Court System, including Hon. Regina A. Scannicchio, Head of the Domestic Relations Division; Defendant the Hon. Timothy Evans, Chief Judge of Cook County Circuit Court; the Illinois Supreme Court, or Director Marcia Meis of the Administrative Office of Illinois Courts responded directly to Children of the Court – undoubtedly due to their animus towards the mission expressed by its founder and Executive Director.

25. Instead, they shared Ms. Meis' false comments in further delegitimization of Children of the Court.

26. Judge Evans, in his capacity as the steward of the Circuit Court of Cook County, has an obligation to ensure that the jurists in his charge provide a forum for the fair and equitable administration of justice and that the Courts remain open and accessible to the public.

6

27. Due to Judge Evans's deliberate indifference and unwillingness to correct Marcia Meis' false statements about Children of the Court's communication, Plaintiffs were deprived of their access to a public forum and their First Amendment Rights.

28. It would be one matter if Judge Evans silently sat by without knowing about Children of the Court's mission but, he had an affirmative obligation to counteract Ms. Meis' interference once he became aware of her and Judge Scannicchio's effort.

29. Chief Judge Evans oversees Judge Scannicchio and was aware of her animus to the organization or its Executive Director based on prior litigation.

30. The legitimacy of Children of the Court and its planned visit to Judge Romanek's courtroom was no secret to Chief Judge Evans:

   a. He was a direct recipient of the February 2024 Letter;

   b. The February 2024 Letter specifically noted that Children of the Court would be coming to Judge Romanek's courtroom with an Adult Beneficiary; and

   c. The order creating Children of the Court was entered by Judge Wilson in in the Cook County Circuit and guarantees its funding.

31. Rather than ensure legitimate visitors were granted their right of access to the courtrooms under his purview , Chief Judge Evans was deliberately indifferent to his obligations and Plaitniffs' Constitutionally protected rights.

32. Had he merely counteracted the false delegitimization from Marcia Meis and Judge Scannicchio (his charge), once he knew it had spread, the wrongs herein would not have happened.

33. Standing by idly, ignorant of any wrongful efforts by Judge Scannicchio and Marcia Meis, is not the same as allowing their message to infiltrate his courts, which he did.

**THE COURTROOM DOOR IS LOCKED**

34. Conor Paris is the son of Kerry and Martin Paris who are now divorced, as well as an Adult Beneficiary of Children of the Court.

7

35. As an Adult Beneficiary of Children of the Court, Conor was the recipient of instructions on how to conduct himself and access the public proceedings – he was the beneficiary of Children of the Court's time and efforts using funds court-ordered by Judge Wilson.

36. Since his parents' divorce, the post-decree proceedings have been assigned to Cook County Circuit Court Domestic Relations Calendar 94, where Judge Romanek presides. Judge Romanek remains the judge presiding over any post-dissolution matters that arise between the parents until Conor's youngest sibling emancipates.

37. Conor has a statutory right to move Judge Romanek's court as a sibling under 750 ILCS 5/602.9 should he so choose and, with the help of the Children of the Court, is empowered to observe post-dissolution proceedings to enforce those rights should he so choose.

38. One such post-dissolution proceeding occurred on August 5, 2024 wherein the Court was set to hear the presentation of a motion on Case No.: 2016D004685.

39. The August 5, 2024 Status Hearing, was not a closed proceeding, it was a general status call attended by numerous litigants and attorneys with different matters before the Court – none of which were closed to the public.

40. Conor, as an Adult Beneficiary of Children of the Court, was set to attend the August 5, 2024 proceeding to better understand the decisions of Judge Romanek and the representation his minor siblings were receiving from *Guardian Ad Litem*, Howard Rosenberg, as well as to monitor the Court for the need to enforce his own rights. Conor's attendance was facilitated by Children of the Court's Executive Director to ensure Conor understood the proceedings and followed proper courtroom etiquette, particularly as advised by Judge Boyd on March 5, 2024.

41. Conor was to appear via Zoom, as were a number of other litigants, attorneys, and other observers.

42. Conor was never admitted to the Zoom Session or Courtroom.

43. Other attorney, litigants, and observers were admitted to the Zoom Session or Courtroom – for clarity, the August 5, 2024 proceeding was conducted via Zoom from the Daley Center and, upon information and belief, all other individuals who wished to attend were permitted to attend whether via zoom or otherwise.

44. When Conor's parents' matter was called, Judge Romanek refused to admit Conor, instead remarking "Conor Paris is here. He has no business being here and he shouldn't be here and I am not letting him in. He shouldn't know about court dates."

45. Conor was not permitted to observe his family's matter or any of the numerous other matters being heard by Judge Romanek on August 5, 2024. Moreover, at no point in time did the Court indicate that the proceedings were closed to the public, instead Judge Romanek simply stated that Conor had no business in her court and refused to admit him.

46. Judge Romanek's remarks were heard by a number of attendees, including Edward "Coach" Weinhaus, *Esq.*, one of Children of the Court's founders and its Executive Director appearing for Children of the Court.

47. Judge Evans, in his representative capacity as the Circuit Court of Cook County, failed to ensure that the Court remained open and accessible to the public.

48. As a result of Judge Romanek's unconstitutional conduct, on September 23, 2024, Plaintiffs filed their original Complaint in this matter alleging violations of their First Amendment Rights as secured by the Constitution of these United States.

9

49. On September 24, 2024, Plaintiffs' Counsel sent an e-mail to Judge Romanek's chambers notifying her that Children of the Court and Conor Paris would be attending the proceeding on the following day, September 25, 2024.

50. Thereafter, on September 25, 2024, Judge Romanek denied entry to Edward "Coach" Weinhaus, *Esq.*, individually and in his capacity as Children of the Court's Executive Director, wherein he was attempting to observe an otherwise public hearing, particularly to assist in counseling and observing on behalf of Conor Paris, and other Adult Beneficiaries whose parents have pledged to send their children into courtrooms to observe upon reaching the age of majority.

51. Again, during the September 25, 2024 Proceeding, other attorney, litigants, and observers were admitted to the Zoom Session or Courtroom and the Proceedings was conducted via Zoom and, upon information and belief, all other individuals who wishes to attend were permitted to attend whether via Zoom or otherwise.

52. Judge Evans, as the Chief Judge and in his representative capacity as the Circuit Court of Cook County, again failed to ensure that the Court remained open and accessible to the public evincing a pattern of deliberate indifference towards the public's right to access the Courts, in the face of knowingly wrongful attempts to dissuade open courts from his charge, Judge Scannicchio, and Marcia Meis.

53. It was both his deliberate indifference to whether the courtrooms under his watch were accessable and then his actively withholding corrective guidance to Judge Scannicchio's and Meis' efforts to delegitimize legitimate activities that allowed Judge Romanek's later actions.

54. As a result of Judge Romanek's subsequent refusal to admit either Conor or Children of the Court (through its representative) to the Hearings, damaged:

    a. Children of the Court's reputation as an advocacy group working towards changes within the judiciary;

10

    b. Children of the Court's reputation and, as a result, its ability to attract third party volunteers and donors to enable its activities;

    c. Children of the Court's ability to counsel existing Adult Beneficiaries by denying it access to public proceedings; and

    d. Children of the Court's ability to counsel future Adult Beneficiaries by denying it access to public court proceedings.

55. While preventing Children of the Court from satisfying its court-created public purpose – because judges refuse to admit it and/or its Adult Beneficiaries –Children of the Court is less able or completely unable to attract volunteers, participating parent pledgers, Adult Beneficiaries like Conor, or further funding.

56. Here, Judge Romanek's decision to exclude Conor on August 5, 2024 and then Edward "Coach" Weinhaus, *Esq.*, individually and in his capacity as Children of the Court's Executive Director, on September 25, 2024, after receiving notice from Plaintiffs' Counsel, without reason or justification has damaged Children of the Court's reputation as an advocacy group capable of helping children within the court system.

57. Further, these constitutional violations have required Children of the Court to spend time at significant cost to attend Court proceedings where it is not allowed, its Executive Director is not allowed, and/or its Adult Beneficiary is not allowed to observe or participate.

58. Judge Evans, through his deliberate indifference to: Judge Romanek's behavior; whether the courtrooms under his watch are open; and the attempts of Judge Scannicchio and Meis to delegitimize legitimate reform efforts frustrated Plaintiffs' right of access to the Courts and such deliberate indifference and behavioral dissonance, in light of his duties, has led to a policy whereby jurists can wantonly deny individual litigants access to the Courts.

11

59. Chief Judge Evans, in his representative capacity as the Circuit Court of Cook County, owes a duty to keep his courtrooms open to members of the public and actively abdicated that duty.

60. Conor has been injured as a result of the Defendants' conduct and has sustained humiliation and emotional distress.

61. Children of the Court has been injured as a result of the Defendants' conduct, particularly reputational damage and interference with its public purpose as well as wasted resources spent attempting to attend a public proceeding or provide its services to an Adult Beneficiary attempting to observe a public proceeding.

62. Absent action protecting the rights of free access to courtrooms for the public, especially where an organization is specifically empowered, created, and instructed by judges on how to ensure courtroom etiquette and decorum is followed, the judicial system's credibility will be unnecessarily tarnished by the actions of the Defendants.

63. Judge Evans, as the Chief Judge of the Circuit Court, has an obligation to provide the public access to the Courts.

64. Judge Romanek's repeated denial of Plaintiffs' access to her Court and Judge Evans' endorsement of this practice evinces a practice of abridging constitutional rights.

## COUNT I
**Violation of Plaintiffs' First Amendment Rights**

65. Plaintiffs incorporate the above paragraphs by reference as if fully set forth herein.

66. Defendants, acting under color of state law and through his deliberate indifference and failure to stop the delegitimization efforts of Judge Scannicchio and Meis, deprived Plaintiffs of their rights under the First Amendment to the United States Constitution by denying them admission to a public court proceeding.

67. Defendants' refusal to admit Conor to the August 5, 2024, proceedings violated a *well-established* First Amendment right, the right to attend public court proceedings, and therefore Defendants are not entitled to qualified immunity.

68. Defendants' refusal to admit Children of the Court to the September 25, 2024, proceedings violated a *well-established* First Amendment right, the right to attend public court proceedings, and therefore Defendants are not entitled to qualified immunity.

69. Defendants' repeated refusal to admit Plaintiffs' to otherwise public proceedings evinces a policy within the Circuit Court to wantonly deny members of the public form otherwise public proceedings at the whim of the individual jurist overseeing the processing.

70. Defendants' refusal to admit Plaintiffs to the August 5, 2024 or September 25, 2024 proceedings are not subject to judicial immunity because, *inter alia*, Judge Evans was not acting in any judicial capacity, he was acting in his representative capacity for the Circuit Court of Cook County.

71. Children Of the Court's ability to assist the Adult Beneficiaries will be severely compromised without the relief requested herein and has appropriate standing to pursue this claim.

72. Children of the Court has experienced harm.

73. Defendants violated 42 U.S.C. § 1983 when, as persons acting under the color of Illinois law, they deprived Plaintiffs of their rights and privileges as secured by the Constitution of the United States of America.

**PRAYER FOR RELIEF**

Wherefore, Plaintiffs respectfully request that this Court:

a. Enter a judgment declaring that Defendant's actions violated Plaintiffs' rights under the First and Fourteenth Amendments to the U.S. Constitution;

  b. Award Plaintiffs compensatory and punitive damages in an amount to be determined at trial;

  c. Award Plaintiff reasonable attorney's fees and costs under 42 U.S.C. § 1988; and Grant such other and further relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiffs respectfully demand a trial by jury on all issues so triable.


Dated: May 15, 2025    Respectfully Submitted:

           By: /s/ *Adam Florek*

           Adam Florek
           Florek Law, LLC
           11 Knollwood Dr.
           North Caldwell, New Jersey 07006
           Tel: (929) 229-2268
           E-mail: aflorek@florekllc.com

           Edward "Coach" Weinhaus, Esq.
           **LegalSolved, LLC**
           11500 Olive Blvd., Suite 133
           Saint Louis, Missouri 63141-7126
           Tele: (314) 580-9580
           E-mail: eaweinhaus@gmail.com