**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CHILDREN OF THE COURT, *et al.*, | ) | |
| | ) | |
| | ) | No. 1:24-cv-08785 |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Hon. Lindsay C. Jenkins |
| | ) | |
| Chief Judge Timothy C. Evans, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION TO DISMISS**

Defendant Chief Judge Timothy C. Evans, by his attorney, Kwame Raoul, Attorney General of Illinois, moves to dismiss the claim against him pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). In support of his motion, Defendant states as follows:

**INTRODUCTION**

Plaintiffs' originally sued Judge Romanek and various Cook County employees alleging violation of Plaintiffs' First Amendment Rights. ECF No. 1 Defendants successfully moved to dismiss based on judicial immunity and principles of abstention. ECF No. 17 & 23. Plaintiffs then filed an amended complaint against Chief Judge Evans based on a theory of *respondeat superior*. ECF No. 29. Defendants again successfully moved to dismiss based on the judicial immunity and principles of abstention and federalism. ECF No. 43. Plaintiffs' second amended complaint that does little more than add allegations against two additional subordinates of Defendant Judge Evansand again attempts to proceed against Judge Evans under a theory of *respondeat superior*, despite this Court's clear instruction in the Order granting Defendants' Motion to Dismiss. *See* ECF No. 43. Plaintiffs make allegations against Judge Regina A. Scannicchio and Marcia Meis

1

but do not name them as parties to this lawsuit; rather, Plaintiffs allege that Judge Evans is liable based on the actions of these non-parties as well as Judge Romanek's actions. ECF No 44 ¶¶ 17, 18, 19, 23, 24, 26, 29, 32. Plaintiff still names Defendant Judge Evans "in his representative capacity as the Circuit Court of Cook County"[1] and alleges he failed to ensure the Court remained open and accessible to the public. *Id*. ¶¶ 47, 48, 52, 58.

Plaintiffs' third try does nothing to fix the glaring issues identified by the Court, and the Court should dismiss Plaintiffs' second amended complaint for three reasons. First, this Court should decline to hear this case based on *Younger* abstention and principles of federalism and comity. Second, as previously found by this Court, Defendant Judge Evans is entitled to judicial immunity. Third, Plaintiffs' theory of liability still rests on *respondeat superior* and alleges no personal involvement on the part of Defendant Judge Evans. Accordingly, this Court should dismiss Plaintiffs' second amended complaint with prejudice in accordance with its prior opinion and order ECF No. 43.

## LEGAL STANDARD

Motions to dismiss under Rule 12(b)(1) are meant to test the sufficiency of the complaint, not to decide the merits of the case. *See Weiler v. Household Fin. Corp*., 101 F.3d 519, 524 n. 1 (7th Cir. 1996). Plaintiff must meet his burden to establish that jurisdictional requirements have been met. *Ctr. for Dermatology and Skin Cancer, Ltd. v. Burwell*, 770 F.3d 589, 589 (7th Cir. 2014).

Under the Federal Rules of Civil Procedure, a complaint must contain factual allegations that plausibly suggest there is a legal right to relief. Rule 12(b)(6) requires dismissal of a complaint

---

[1] Plaintiffs' claim against Chief Judge Evans "in his representative capacity as The Circuit Court of Cook County" appears to be a claim against him in his official capacity. However, any damages claim against Chief Judge Evans is barred by the Eleventh Amendment and because an official sued in his official capacity for damages is not considered a person subject to suit under Section 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66, 70-71 (1989).

when the complaint fails to state a claim upon which relief may be granted. Fed R. Civ. P. 12(b)(6). The Court should not ignore facts in the complaint that undermine Plaintiffs' claim. *See Johnson v. Thompson-Smith*, 203 F. Supp. 3d 895, 900 (N.D. Ill. 2016). Courts should resolve immunity issues at the earliest point in litigation. *Hunter v. Bryant*, 502 U.S. 224, 227 (1991).

## ARGUMENT

### I.      Plaintiffs do not have a right of access.

As the Court observed, to determine whether a right of access to courts exists, courts apply the two-part test set forth in *Press–Enterprise Co. v. Superior Court*, 478 U.S. 1 (1986). ECF No. 43 at 3.  The first factor to consider is whether "the place and process have historically been open to the press and general public." *Press–Enterprise Co.*, 478 U.S. at 8. The second factor is whether "the Court has traditionally considered whether public access plays a significant positive role in the functioning of the particular process in question." *Id.*  Applying these factors, it is not clear that non-parties like Plaintiffs have a right of access to hearings in sensitive domestic relations cases. As the Court observed, "determining who should be permitted into a courtroom . . .  requires the use of judgment and discretion," especially in domestic relations cases. ECF No. 43 at 4.

Even if Plaintiffs have such a right, the Court has already determined that *Younger* abstention counsels against hearing this case. As the Court observed, in *Courthouse News Service v. Brown* the Seventh Circuit found that the press had a "qualified right of access to civil complaints." 908 F.3d 1063, 1070 (7th Cir. 2018). However, applying a modified *Younger* abstention theory, the court found it was "not appropriate for the federal courts" to "supervise … state court operations." ECF No. 43 at 3 (quoting *Courthouse News Service,* 908 F.3d  at 1074). "Principles of cooperation and comity weighed in favor of abstention so that state courts could "craft an informed and proper balance between the state courts' legitimate institutional needs and

3

the public's … substantial First Amendment interest." ECF No. 43 at 3 (quoting *Courthouse News Service,* 908 F.3d at 1074).

In the Order granting Defendants Motion to Dismiss, this Court did the same. This Court was also "wary to extend any right of access to Zoom hearings by nonparties in Domestic Relations cases." ECF No. 43 at 3. That analysis still applies. Plaintiffs' Second amended complaint alleges they as third parties had a right to access the Zoom proceedings in the Domestic Relations case before Judge Romanek. But deciding which parties should be admitted to Domestic Relations proceedings can be a very sensitive and case specific issue best left to the Domestic Relations Judge to decide. *Id*. at 4.

Plaintiffs are also still seeking "more than access to proceedings where they are not a party." ECF No. 43 at 4. They are asking to work with and "educate" Domestic Relations Judges and influence how they decide Domestic Relations proceedings. ECF No. 44 ¶ 10. This Court should again, decline to find Plaintiffs have a right of access to Domestic Relations proceedings and decline to find a "constitutionally mandate a relationship between state court judges and legal organizations.". ECF No. 43 at 4.

## II.     Plaintiffs' claim against Defendant Judge Evans is barred by absolute judicial immunity.

This Court has already found that Defendant Judge Evans has absolute immunity for actions taken within the scope of his employment, including in "his role as a supervisor of other judges." ECF No. 43 at 4. Plaintiff has made no additional accusations that would suggest Defendant Judge Evans acted in "clear absence of all jurisdiction" that would divest him of judicial immunity. *See Stump v Sparkman*, 435 U.S. 349, 359 (1978). By adding allegations against Judge Scannicchio (another judge that Defendant Judge Evans' supervises) and Marcia Meis (the Director of the Administrative Office of the Illinois Supreme Court), Plaintiffs again attempt to

4

allege that Judge Evans is liable as Judge Scannicchio and Ms. Meis' supervisor liability. ECF No. 44 ¶¶ 1821. But as the Court has already found, Judge Evans is entitled to judicial immunity for his supervisory activities. This Court should therefore dismiss Plaintiffs' second amended complaint with prejudice based on judicial immunity.

### III. Defendant Judge Evans Was Not Personally Involved in The Alleged Constitutional Violation as Required Under Section 1983.

Plaintiffs' second amended complaint still fails to allege any personal involvement of Defendant Judge Evans. Plaintiffs make accusations against Judge Romanek, Judge Scannicchio and Marcis Meis. *See* ECF No. 44 ¶¶ 17 - 25. The allegations against Defendant Judge Evans again rely on *respondeat superior*, alleging that he failed to correct his subordinates' actions. ECF No. 27- 33, 47- 49, 52, 58.  As previously argued, "Under § 1983, a plaintiff may not rely on the doctrine of *respondeat superior* to hold supervisory officials liable for the misconduct of their subordinates." *Doyle v. Camelot Care Ctrs.*, 305 F.3d 603, 614 (7th Cir. 2002).  *See* ECF No. 39, 43. The second amended complaint does not even allege that Judge Evans was aware of Judge Romanek's allegedly unconstitutional decisions, much less that he took any actions that would subject him to liability.

As Plaintiffs' second amended complaint still fails to allege personal involvement on the part of Defendant Judge Evans beyond a theory of *respondeat superior*, Plaintiff's second amended complaint should therefore be dismissed with prejudice in accordance with this Courts previous order. ECF No. 43 at 5.

### CONCLUSION

For the foregoing reasons, this Court should dismiss Plaintiffs' second amended complaint with prejudice.

Respectfully submitted,

By: */s/ Michael J. Bradtke*

Michael J. Bradtke
Assistant Attorney General
115 S. LaSalle Street, Suite 2700
Chicago, Illinois 60603
(312)814-1212
Michael.Bradtke@ilag.gov

*Counsel for Defendant Judge Evans*