UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Children of the Court, *et al.*, <br><br> *Plaintiffs,* <br><br> v. <br><br> Timothy C. Evans and the Circuit Court of Cook County, <br><br> *Defendants.* | No. 24 CV 8785 <br><br> Judge Lindsay C. Jenkins |

## Memorandum Opinion and Order

Children of the Court and Conor Paris sued Defendant Abby Romanek, Cook County, and Iris Y. Martinez for violation of their First and Fourteenth Amendment Rights. [Dkt. 1.][1] The court dismissed their original complaint against Judge Romanek with prejudice and against Cook County and Martinez without prejudice, giving Plaintiffs leave to amend. [Dkt. 23.] Plaintiffs amended, naming Cook County and Chief Judge Timothy Evans as Defendants the second time around. [Dkt. 29.] The court dismissed the complaint as against Cook County and Martinez with prejudice. [Dkt. 36.][2] It dismissed the complaint as against Judge Evans without prejudice and provided leave to amend. [Dkts. 43.] Plaintiffs then filed a second amended complaint that names the Circuit Court of Cook County and Chief Judge Timothy Evans as Defendants. [Dkt. 44.][3] Judge Evans, who is sued in his individual and official[4] capacities, filed another motion to dismiss. The motion is granted, and the case is dismissed with prejudice.

---

[1] Citations to docket filings generally refer to the electronic pagination provided by CM/ECF, which may not be consistent with page numbers in the underlying documents.

[2] While Plaintiffs' amended complaint did not include Martinez in the case caption as is required by Federal Rule of Civil Procedure 10(a), the court nevertheless considered and dismissed the claims against her. [Dkt. 36 at 3.]

[3] Plaintiffs never served the Circuit Court of Cook County; therefore, the court does not consider any claims against that entity.

[4] The court only considers the second amended complaint against Judge Evans in his individual capacity. Official capacity suits against state officials are barred by the Eleventh Amendment as to any damages claims. *Mims v. Wexford Health Sources, Inc.*, 2019 WL 194869, at *4 (N.D. Ill. Jan. 15, 2019). Nor are officials "persons" for purposes of § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989) ("Congress in passing § 1983, had no intention to disturb the States' Eleventh Amendment Immunity….").

## Standard of Review

"To survive a motion to dismiss under Rule 12(b)(6), plaintiff's complaint must allege facts which, when taken as true, plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." *Cochran v. Ill. State Toll Highway Auth.*, 828 F.3d 597, 599 (7th Cir. 2016) (cleaned up). This occurs when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Garrard v. Rust-Oleum Corp.*, 575 F. Supp. 3d 995, 999 (N.D. Ill. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted)). The court accepts as true all well-pled allegations set forth in the second amended complaint and draws all reasonable inferences in Plaintiffs' favor. *See Craftwood II, Inc. v. Generac Power Sys., Inc.*, 920 F.3d 479, 481 (7th Cir. 2019). In setting forth the facts at the pleading stage, the court does not vouch for their accuracy. *See Goldberg v. United States*, 881 F.3d 529 (7th Cir. 2018).

## Analysis

The court assumes familiarity with the basic allegations and history of the case as summarized in the prior orders and rulings. [Dkts. 23, 36, 43.] As before, the complaint's only count alleges a First Amendment right of access claim under 42 U.S.C. § 1983. To determine whether the right of access exists, courts apply the *Press–Enterprise Co. v. Superior Court* two-part test. 478 U.S. 1 (1986). The first inquiry is "whether the place and process have historically been open to the press and general public." *Id.* at 8. The second is whether "the Court has traditionally considered whether public access plays a significant positive role in the functioning of the particular process in question." *Id.*

In its prior order, the court addressed the abstention consideration raised in *Courthouse News Service v. Brown*, a case where a news service challenged Cook County Court's policy of administratively processing newly filed complaints before making them publicly available. 908 F.3d 1063 (7th Cir. 2018). The Seventh Circuit applied a modified *Younger* abstention theory, explaining that it was "not appropriate for the federal courts" to "supervis[e] … state court operations." *Id.* at 1074. Principles of cooperation and comity weighed in favor of abstention so that state courts could "craft an informed and proper balance between the state courts' legitimate institutional needs and the public's … substantial First Amendment interest." *Id.*

Plaintiffs' response brief still does not engage with *Press–Enterprise Co.* Instead, they urge the court to follow the Ninth Circuit's lead in *Courthouse News Service v. Planet*, 750 F.3d 776, 789-90 (9th Cir. 2014), which concluded there were "no ongoing 'heavy' oversight" concerns that justified abstaining and that "principles of comity do not bar federal intervention." [Dkt. 50 at 4.] But the Seventh Circuit expressly distinguished *Planet*, reaching the opposite conclusion as to abstention. *Brown*, 908 F.3d at 1074 ("We acknowledge that the Ninth Circuit in *Courthouse*

*News Service v. Planet*, a case nearly identical to this one, came to the opposite conclusion regarding abstention.") This court is bound by the Seventh Circuit's ruling, and any argument to the contrary is more appropriately directed at the Court of Appeals.

Plaintiffs also reiterate that Judge Evans is not immune from liability under *Forrester v. White*, 484 U.S. 219, 228 (1988), which establishes only that judicial immunity does not extend to administrative decisions. But the added allegations concerning Judge Evans still do not permit the reasonable inference that the decisions Evans made were administrative. [Dkt. 44, ¶¶ 23-33.] Instead, they reflect Judge Evans's supervisory role, for instance, that he "an affirmative obligation to counteract" false information being circulated about Children of the Court by subordinates, including court staff and members of the judiciary. [*Id.*, ¶ 32 ("Had he merely counteracted the false delegitimization [by those in] his charge, once he knew it had spread, the wrongs herein would not have happened.").] As already explained, judicial immunity extends to these sorts of supervisory tasks. *Brown v. Maine*, 2012 WL 5463087, at *5 (D. Me. Nov. 7, 2012), *aff'd* (May 8, 2013); *Higdon v. Tusan*, 2017 WL 552779, at *5 (N.D. Ga. Feb. 10, 2017), *aff'd sub nom. Higdon v. Fulton Cnty., Georgia*, 746 F. App'x 796 (11th Cir. 2018), and *aff'd*, 746 F. App'x 805 (11th Cir. 2018). Therefore, Judge Evans has absolute judicial immunity from this lawsuit.

Finally, the second amended complaint still does not allege facts demonstrating Judge Evans's personal involvement in (or awareness of) Romanek's decisions, as required under § 1983. The closest Plaintiffs come is by alleging that Judge Evans, "in his representative capacity as the Circuit Court of Cook County, failed to ensure that the Court remained open and accessible to the public." [Dkt. 44, ¶ 47.] This does not plausibly imply personal involvement. Because there is "no such thing as *respondeat superior* liability for government officials under § 1983," the First Amendment claim fails. *Taylor v. Ways*, 999 F.3d 478, 493 (7th Cir. 2021).[5]

---

[5] Plaintiffs' response brief mentions *Monell* liability under § 1983, but this is a non-starter. *Monell v. Dep't. of Social Services of City of New York*, 436 U.S. 658, 690, 694 (1978). It's axiomatic that a plaintiff cannot amend his complaint through briefing. *See Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. Walgreen Co.*, 631 F.3d 436, 448 (7th Cir. 2011) and the second amended complaint fails to allege that a policy or custom was responsible for the deprivation of rights. A few scattered claims of practices and display of deliberate indifference are insufficient. [Dkt. 44, ¶¶58, 64, 69]; *see Foy v. City of Chicago*, 2016 WL 2770880, at *9 (N.D. Ill. May 12, 2016) (Plaintiffs "succeed[] in repeating all the trigger words required of a *Monell* claim but absolutely no factual content to demonstrate a widespread practice" or the notice necessary to supply deliberate indifference). *Monell*'s holding also does not apply to states or states' departments. *Will*, 491 U.S. at 70 ("[W]e consequently limited our holding in *Monell* to local government units which are not considered part of the state for Eleventh Amendment purposes."); *Joseph v. Bd. of Regents of Univ. of Wisconsin Sys.*, 432 F.3d 746, 748–49 (7th Cir. 2005).

3

## Conclusion

For these reasons, Plaintiffs' Second Amended Complaint [dkt. 44] is dismissed with prejudice.

Enter: 24 CV 8785
Date: July 24, 2025

_____
Lindsay C. Jenkins